(54 App. Div. 124.)

## MILLS v. THOMAS ELEVATOR CO.

(Supreme Court, Appellate Division, Second Department. October 26, 1900.)

1. CONFLICTING EVIDENCE—FINDING OF JURY—APPEAL.

   Where plaintiff was injured by defendant's servant starting an elevator, and the evidence was conflicting as to whether the signal to start it was given, a finding that it was not given will not be disturbed on appeal.

2. FELLOW SERVANTS—INDEPENDENT EMPLOYER.

   Plaintiff was employed by a company engaged in laying a concrete floor on the twelfth story of a building, and defendant, under contract with plaintiff's employer, put in an elevator to carry the material up to the

workmen, and furnished a man to operate it. Plaintiff was injured by defendant's servant starting the elevator before the signal was given. *Held*, that plaintiff and defendant's servant were not fellow servants, since defendant was an independent employer.

Appeal from trial term, Kings county.

Action by George W. Mills against the Thomas Elevator Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George W. Schurman, for appellant.
Thomas F. Magner, for respondent.

WOODWARD, J. The Manhattan Concrete Company had the contract for the concrete work at the Doscher Sugar Refinery at Long Island City. The plaintiff was in the employ of this company, and was assisting in the work of laying concrete upon the twelfth floor of the building. The Manhattan Concrete Company entered into a contract with the Thomas Elevator Company, the defendant, to put in a hod elevator, and to furnish a man to operate the same. The alleged negligence of the defendant consisted in the act of the man furnished by the defendant to operate the elevator, who is alleged to have started the engine without having received the signal agreed upon, resulting in the injury complained of by the plaintiff. The elevator in use was constructed with two platforms. One of these was raised at the time the other was being lowered. On the day of the accident one of the platforms had reached the twelfth floor, where the concrete was being laid. It was discovered by the foreman of the concrete company that the elevator was impeded by a piece of timber which projected into the elevator shaft from one of the floors below, and the plaintiff was directed to go down and remove the obstruction. When he reached the floor where the timber projected, he looked up, and saw the elevator at the floor above him. It was standing still, and he reached his head and shoulders into the elevator shaft under the elevator car, and hit the projecting timber with a hatchet. While in this position, and, as the plaintiff claims, without any signal, the engine below was started, and the plaintiff was caught beneath the car, sustaining serious injuries. There was a conflict of evidence as to whether the signal bell was rung or not, and upon this point the jury have found in favor of the plaintiff. We do not feel inclined to interfere with this finding. Unless, therefore, there is error of law in the case, the judgment must be affirmed. It is urged by the defendant, however, that the accident, whether due to the carelessness of the engineer in the basement or to the negligent ringing of the bell by a co-employé of the plaintiff, was due to the negligence of a fellow servant, and was, therefore, one of the risks of the employment which the plaintiff accepted. This question is raised by the motion of the defendant to dismiss the complaint upon this and other grounds at the close of plaintiff's case, and by the renewal of this motion at the end of the testimony. While, as suggested by the

court in Murray v. Dwight, 161 N. Y. 301, 304, 55 N. E. 901, "the question when, and under what circumstances, the servant of a general master becomes the servant of another, is often difficult of solution," we are of opinion in the case at bar that the engineer who had charge of the engine in the basement was not a fellow servant of the plaintiff, but was engaged in doing the work of an independent employer. The plaintiff was in the employ of the Manhattan Concrete Company, and was engaged, with others, in the laying of concrete floors. The defendant company was engaged in supplying elevators to be used in the construction of buildings, and entered into a contract with the Manhattan Concrete Company to furnish the elevators necessary to deliver the concrete upon the several floors of the building. The defendant company employed one Thurston to operate the engine which controlled the motion of the elevators, and paid him for his services. He was under the direction of the defendant company, and supplied with the signal code by which the employés of the Manhattan Concrete Company were to inform him when they were ready to have the elevators moved. The question here involved has been so fully discussed in the very recent case of Murray v. Dwight, supra, that it hardly seems profitable to review the authorities; and, although there has been some apparent conflict, there seems to be no reason to doubt that under the rule laid down in the case cited Thurston was not the servant of the Manhattan Concrete Company, but of the defendant, and he could not, therefore, have been a fellow servant of the plaintiff, who is conceded to have been in the employ of the former. Thurston being the servant of the defendant, the latter, under the rule of law stated in Sanford v. Oil Co., 118 N. Y. 571, 574, 24 N. E. 313, was liable for the negligence of Thurston in starting the engine without the signal agreed upon; and this becomes the more apparent when considered in the light of the evidence of Thurston's dissipated habits, and the fact that they were known to the defendant.

We have examined the remaining questions presented by the briefs of defendant's counsel, but we do not find reversible error. The case appears to have been carefully tried upon its merits, and the judgment should be affirmed.

The judgment and order appealed from should be affirmed, with costs. All concur.