BOWER v. CUSHMAN et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. MASTER AND SERVANT—INJURIES TO THIRD PERSONS — NEGLIGENCE—QUESTIONS FOR JURY.

Plaintiff, an employé of a contractor, was engaged in painting the windows on the ninth floor in an elevator shaft of defendant's building. There were two elevators in the shaft, and it was arranged between defendant's superintendent and plaintiff's foreman that the scaffold should be placed in the space used for elevator No. 1, which should not be operated, and that elevator No. 2 should be operated as little as possible. In order to secure plaintiff's safety, it was agreed that defendant's servant in charge of the elevator, who had been employed but two days, should shout a warning before moving it, so plaintiff could avoid being struck by the counterweight, which moved in grooved bars set three-fourths of an inch from the window. While plaintiff was at work elevator No. 2 was started, and the descending weight struck him. The testimony as to whether a timely warning was given was contradictory. Held, that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

2. SAME—INSTRUCTIONS.

Where it was alleged that the negligent starting of an elevator by defendant's servant in charge was the cause of the injury to plaintiff, a third person, and it was admitted that the servant had no practical experience, it was not error to charge that the jury could consider the fact in determining whether he was negligent.

3. APPEAL—HARMLESS ERROR.

A ruling striking out evidence of a witness on cross-examination, though erroneous, was not prejudicial, where the same evidence was in the case in another part of his testimony.

Appeal from trial term, Kings county.

Action by George Bower against E. Holbrook Cushman and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John S. Melcher, for appellants.

Abram H. Dailey, for respondent.

HIRSCHBERG, J. The judgment was obtained by the plaintiff, a painter, for injuries sustained while he was engaged in painting the windows on the ninth floor in an elevator shaft of a building belonging to the defendants on the corner of Maiden Lane and Broadway, in the city of New York, borough of Manhattan. The building was not entirely completed at the time, but the contractor's workmen left every day at 5 o'clock p. m. The elevators, however, had been put in and were running in charge of the defendants' engineer and superintendent. They were used in part, at least, by prospective tenants, and one tenant was already in possession. The defendants' engineer and superintendent arranged with the plaintiff's foreman that the painting should be done after 5 o'clock. In order to do the work, the plaintiff stood on a plank reaching from the floor entrance of the elevator on the ninth floor to the window sill. There

were two elevators running in the shaft, designated as "No. 1" and "No. 2." The arrangement was that the plank should be placed in the space through which elevator No. 1 ran, and that that elevator would not be operated, and that elevator No. 2 would be operated as little as possible. When either elevator was in operation its counterweight moved up and down in grooved bars set three-quarters of an inch from the window, and, as they were heavy and moved rapidly, the plaintiff's position was necessarily one of danger. In order to secure his safety, it was agreed that the defendants' servant Cody, in charge of the actual running of the elevator, and who had been employed but two days before, should shout a warning to the plaintiff before moving elevator No. 2, so that he would have opportunity to avoid being struck by the counterweight of that elevator. When this elevator was at rest on the ground floor of the building its counterweight was on the tenth floor. While the plaintiff was engaged at work the elevator No. 2 was started from the ground floor, either without any warning, or without a timely warning, from Cody, and the descending counterweight, striking the plaintiff, inflicted the injuries of which he complains. None of the other mechanics were in the building at the time, and Cody started the elevator for the purpose of carrying some men who came to see the defendants' engineer and superintendent.

The testimony was contradictory, but the above statement is an adoption of those facts which the jury could have found, and must have found, in support of the verdict. Such facts, with others justified by the proof, presented the questions of the defendants' negligence and the plaintiff's freedom from fault, and afford no ground for interference with the result. The case of Mills v. Elevator Co. (Sup.) 66 N. Y. Supp. 398, was a similar one in many respects, and we there held that the negligent starting of the elevator by the servant in charge of it rendered his master liable to one who, as in this instance, did not bear towards him the relation of a fellow servant. Cody was not only in the defendants' general employment at the time of the accident, but he was then engaged in their business, and was subject to their direction and control. The court submitted to the jury the question whether Cody was employed by the defendants and engaged in their work at the time, and this disposition of the question was certainly favorable to the defendants.

As to contributory negligence, the only point suggested is that the painting could have been done without the plaintiff's assuming a position of risk, but this question, under the proof, was clearly one of fact, and not of law. Whether he could have accomplished his work without exposing himself to danger was in dispute, while there is abundant proof that the contrary was recognized by the parties in the arrangement that timely warning should be given him in case it was found necessary to operate the elevator while he was in the shaft. It could not be said, as matter of law, to be negligence on the part of the plaintiff to do his work in reliance to some extent upon this arrangement, and to assume that he would be informed in some way before the menacing counterweight would be set in motion.

Cody admitted substantially that he had never run an elevator before. The court charged that the jury could take that fact in consideration in determining whether he was negligent on this occasion. In this there was no error. The fact was legitimately in evidence, and the jury was entitled to give it that weight, if any, which, in the minds of practical men, it would bear upon the main question of fact to be determined, viz. whether or not he did start the elevator without giving warning.

The court further charged in that connection that "no negligence could be predicated upon the idea that Cody was incompetent, unfit, or too inexperienced to operate the elevator." The exception, therefore, has no relation to the cases cited by the appellants, in which incompetency has been improperly shown by general reputation. Here there was no question of incompetency, but only an alleged failure to exercise care charged against one who for the first time was engaged in the work at hand. The inexperience was an undisputed fact, and, while no negligence could be predicated upon it of itself, the defendants were not entitled to an instruction that the jury should ignore it as a fact.

It is urged that it was error to strike out Cody's evidence given on cross-examination, to the effect that he had no instructions to halloa before he started the elevator. He had testified to this, in substance, on his direct examination, and the ruling of the court, where the testimony was stricken out, was that it was not responsive. In the absence of the question, we cannot say that this ruling was not correct. The evidence being in the case, however, in another part of the testimony of the witness, the appellants were not prejudiced by the ruling, even if erroneous. The other rulings challenged in the appellants' brief have been examined, and none found to be erroneous. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.