## JOSSAERS v. WALKER.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

MASTER AND SERVANT—SCOPE OF EMPLOYMENT—INJURY TO THIRD PERSONS.

The operator of a passenger elevator in a hotel had no authority to permit, without the knowledge of the proprietor of the hotel, an employé of a third person, placing a refrigerating plant in the hotel, to use the top of the elevator as a scaffold; hence his negligence in starting the elevator without warning while it was in such use did not render the proprietor liable to such employé for the resulting injury.

Appeal from trial term, New York county.

Action by Maurice P. Jossaers against Alva S. Walker. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial made on the minutes, defendant appeals. Reversed.

The action was brought to recover for injuries received by the plaintiff on April 9, 1894, alleged to have been caused by the negligence of the defendant. The defendant is the owner of an hotel in the city of New York, known as the "Hotel Beresford," into which a Buffalo firm was putting a refrigerating plant. The plaintiff's employer, one Craig, a carpenter, sent him to the building upon the day in question, in order to do certain work in and about the elevator shaft of the hotel, which work was incident to the putting in of the refrigerating plant. He made an arrangement with the defendant's elevator man, whereby he was permitted to get upon the top of the elevator, and the latter notified him when he was about to move it up or down. The elevator man neglected to so notify him upon one occasion, and the sudden starting of the elevator caused the injuries for which the plaintiff seeks to recover.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Alex. Thain, for appellant.
Sumner B. Stiles, for respondent.

BARRETT, J. The crucial question here is as to the defendant's responsibility for the particular acts of negligence alleged to have been committed by Paxter, the man in charge of his elevator. The defendant was not notified of the arrangement made between the plaintiff and Paxter, nor was it shown that he was aware of the use to which the elevator was being put under that arrangement. There was, in fact, no proof that he ever assented, expressly or impliedly, to that use. The question, then, is, was that use within the scope of Paxter's authority? We think not. Paxter was the defendant's servant to operate the elevator for the service of the hotel and its guests. Whatever was necessary or proper for that service was within his authority. But there his authority ceased. It was limited to the appropriate use. He was not authorized to depart from his defined function, nor to operate the elevator in a direction foreign to its proper purpose. Here he permitted the plaintiff to utilize this elevator as a species of scaffold upon which to do his work. This work was not done under the defendant's direction. It was work which the plaintiff did, primarily, for one Craig, a carpenter, and it was incident to the putting into the hotel of a refrigerating machine by a firm in Buffalo. The elevator was not placed where it was, nor

was it intended to be used, for any such purpose as that to which it was here applied. Paxter's act in permitting that use was entirely outside the scope of his employment as elevator man of the hotel. He thus diverted the elevator from its normal and legitimate use, and put it to a use which was not contemplated either in its construction or operation, or in his employment with regard thereto. It follows that Paxter's negligence was his own, and not the defendant's.

The judgment and order denying the defendant's motion for a new trial should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

