(Supreme Court, Special Term, New York County. January, 1910.)

SHIPPING (§ 82*)—INJURIES TO THIRD PERSONS—NEGLIGENCE—LIABILITY.

> The captain of a lighter, controlled by defendant, represents him in the control thereof; but it is not within the scope of his employment to invite strangers aboard for their own entertainment, and where he invited little girls to come aboard, and one of them was thrown off a ladder by the lurching of the boat, and was injured, defendant is not liable therefor.

> [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 341, 346, 352; Dec. Dig. § 82.*]

Action by Lillian Browning against the Erie Railroad Company. Demurrer to complaint sustained.

J. M. Grossman, for plaintiff.
R. C. Coutant, for defendant.

WHITNEY, J. The complaint alleges that the defendant operated, managed, and controlled a lighter which was moored to a pier in the North river; that it was in charge of a captain, who was under defendant's management, control, and direction in the discharge of his duties to defendant; that plaintiff, an infant, "with other small girls, companions," were on the pier, and were invited aboard by the captain, and told that they might play on the boat; that, pursuant to the invitation, and ignorant of the danger, they began to play "follow master" by climbing up a perpendicular wooden ladder; that "while so doing the waves of the water and the lurching of the barge or lighter caused her to lose her grip on the ladder"; that she fell and was injured, without contributory negligence.

It is not alleged that the boat was imperfectly constructed or was being mishandled. It was not a passenger boat. The negligence charged is "in that said captain invited the plaintiff from a place of safety to a place of danger, and in that he carelessly and negligently allowed the plaintiff to climb up said ladder while the water was rough and the barge or lighter lurched." The captain was doubtless the defendant's representative upon the lighter and in control thereof; but it was not within the scope of his employment to invite strangers aboard for their own entertainment, still less to invite little children into a dangerous situation. Driscoll v. Scanlon, 165 Mass. 348, 43 N. E. 100, 52 Am. St. Rep. 523; Formall v. Standard Oil Co., 127 Mich. 496, 86 N. W. 946; Flower v. Penn. R. R. Co., 69 Pa. 210, 8 Am. Rep. 251; Sherman v. Hannibal & St. J. R. R. Co., 72 Mo. 62, 37 Am. Rep. 423.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Quinn v. Power, 87 N. Y. 535, 41 Am. Rep. 392, relied on by plaintiff, a ferry boat deviated from its course in order to put a boatman aboard his canal boat in the stream. It collided with the canal boat, throwing off a man aboard of her, who was drowned. The court held that the ferry boat had merely deviated from its usual route in order to accommodate one of a class who were defendant's customers and whose good will he was interested to keep, since he was also engaged in towing canal boats. For this reason the deviation was held to be within the general scope of the pilot's employment; "at least not independent or outside of his employment, or disconnected with the master's business."

The case more closely resembles Eaton v. D., L. & W. R. R. Co., 57 N. Y. 382, 15 Am. Rep. 513, where a railroad freight train conductor invited some young men into the caboose for a ride, promising to try to get them situations on the road. One of them was injured by the company's negligence; but it was held that the company was not responsible. See, also, Morris v. Brown, 111 N. Y. 318, 330, 18 N. E. 722, 7 Am. St. Rep. 751; McDonough v. Pelham Hod Elevator Co., 111 App. Div. 585, 98 N. Y. Supp. 90. Demurrer sustained, with costs, with leave to amend on payment of costs.

Demurrer sustained, with costs, with leave to amend on payment of costs.