THOMAS GRIMSHAW, as Administrator of the Estate of THOMAS COLE, Deceased, Respondent, v. THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant.

Railroads — negligence — injury to person riding on engine by permission of engineer — such person a licensee, not a trespasser — when such licensee not chargeable with contributory negligence.

1. A person riding upon a train other than a passenger train with the consent of those in charge, although against rules of the company of which he is ignorant, is to be deemed a licensee rather than a trespasser, and the consent of such employee is sufficient to require the exercise of ordinary care by the employer, even though it does not demand the highest practicable degree of care such as a carrier owes to a passenger. (*Eaton* v. *Del., L. & W. R. R. Co.*, 57 N. Y. 382, limited.)

2. The prohibition of the Penal Law (§ 1990) against riding on any railroad company's engine or freight or wood car, without authority or permission of the proper officers of the company, does not extend to a case where permission is given by "the person in charge of said car or engine."

3. The cases which impute contributory negligence to one who takes a comparatively perilous place upon a locomotive instead of

riding in a car provided for passengers have no application, where there is nothing to show that the peril to the deceased was in any wise augmented by any act of his in choosing a dangerous rather than a safe place in which to ride.

*Grimshaw* v. *Lake Shore & M. S. Ry. Co.*, 140 App. Div. 687, affirmed.

(Argued April 5, 1912; decided May 7, 1912.)

APPEAL from a judgment of the Appellate Division of Supreme Court in the fourth judicial department, entered November 23, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material are stated in the opinion.

*Thomas D. Powell* for appellant. Plaintiff's intestate was a trespasser upon both the Wabash engine and the tracks of defendant. And the defendant, in the absence of evidence that it willfully or wantonly injured him, is not liable. (*Van Alstine* v. *S. L. H. & P. Co.*, 116 App. Div. 100; *Streets* v. *G. T. Ry. Co.*, 76 App. Div. 480; *Robertson* v. *N. Y. & E. R. R. Co.*, 22 Barb. 91; *Eaton* v. *D., L. & W. R. R. Co.*, 57 N. Y. 382; *Waterbury* v. *N. Y. C. & H. R. R. R. Co.*, 17 Fed. Rep. 671; *Flower* v. *Penn. R. R. Co.*, 69 Penn. St. 210; *Duff* v. *A. V. R. R. Co.*, 91 Penn. St. 458; *Burns* v. *S. Ry. Co.*, 63 Super. Ct. Rep. 46; *Wickenberg* v. *M., S. P. & S. S. M. Ry. Co.*, 94 Minn. 276; *Keller* v. *Erie R. R. Co.*, 183 N. Y. 67.) If the defendant is to be held liable for negligence, then plaintiff's intestate having violated the rules of the Erie and Wabash Companies, provided for his protection, was guilty of contributory negligence as a matter of law. (*Dickescheid* v. *Betz*, 80 App. Div. 8; 176 N. Y. 611; *Shannon* v. *N. Y. C. & H. R. R. R. Co.*, 88 App. Div. 349; *Flanagan* v. *A. A. A. Co.*, 37 App. Div. 476; *Clark* v. *C. & N. W. R. Co.*, 165 Fed. Rep. 408; *Files* v. *B. & A. R. R. Co.*, 149 Mass. 204; *Doggett* v. *I. C. R.*

*R. Co.*, 34 Iowa, 284; *Radley* v. *C. S. Ry. Co.*, 44 Oreg. 332.)

*Ford White* for respondent. The deceased was not shown to be trespassing at the time of the accident. (*Knight* v. *Lanier*, 69 App. Div. 454; *Wilson* v. *A. B. Co.*, 74 App. Div. 596.)

WILLARD BARTLETT, J.   The tracks of the Erie Railroad Company cross the tracks of the defendant, the Lake Shore and Michigan Southern Railway Company, at a point in the city of Buffalo. At the time of the accident which gave rise to this action, in December, 1907, the Wabash Railroad Company operated some of its trains over these tracks of the Erie. A Wabash engine thereon attempted to cross the point of intersection when it was struck by one of the defendant's freight trains running along one of the intersecting tracks. The collision resulted in the death of the plaintiff's intestate, Thomas Cole, an employee in the office of the master mechanic of the Erie Railroad Company at East Buffalo, who was riding on the locomotive. This action was brought to charge the defendant with liability for negligence in the operation of its freight train at the crossing. The answer was a general denial. The plaintiff recovered a small verdict, the judgment upon which has been affirmed by the Appellate Division, one of the justices dissenting on the ground that the plaintiff's intestate was a trespasser upon the Wabash engine at the time of the accident and the defendant could be held liable only in case it caused his death willfully, wantonly or recklessly, of which there was no evidence. The trial judge charged the jury that the defendant owed to every one on that engine ordinary care to keep him from being injured, and it must be assumed that the verdict was based upon a finding of the absence of such ordinary care.

The plaintiff's intestate was evidently on the locomotive with the sanction of the engineer in charge. He had

been in the habit of riding on it once or twice a week for a couple of months prior to the accident. It is true that there were rules both of the Wabash and of the Erie Company to the effect that unauthorized persons would not be permitted to ride on the engines; but it did not appear that Cole had ever had notice or possessed any knowledge of these rules. He was a licensee rather than a trespasser in the same sense that one is a trespasser who boards a train forcibly or gets on secretly to obtain transportation furtively. In the absence of authority on the part of the engineer to permit him to ride on the engine he did not become a passenger; but the permission relieved him from the imputation of being a wrongful intruder and obligated the Wabash Company to the exercise of ordinary care not to injure him. (See 4 Elliott on Railroads [2d ed.], § 1581.) His presence on the engine being thus lawful as to the Wabash was equally lawful as to the defendant, and it was also bound to exercise ordinary care not to injure him. There was evidence that it failed in its duty in this respect.

We are referred to the case of *Eaton* v. *Del., L. & W. R. R. Co.* (57 N. Y. 382, 395) as an authority precisely in point to show that the plaintiff's intestate was not lawfully upon the engine at the time when he was killed. That case was decided by the Commission of Appeals in 1874, and the decision was not unanimous. There was an able dissenting opinion by Commissioner EARL, afterward chief judge of this court. The plaintiff had been invited by the conductor of a coal train belonging to the defendant to ride thereon. The conductor informed him that the company was in want of brakemen and invited him to ride back to a specified station with a view to obtaining employment as a brakeman. There was a printed regulation of the company forbidding passengers to ride upon coal trains, but it did not appear that the plaintiff knew of this regulation or had any reason to suppose that the conductor was doing an unauthorized

act in inviting him to get upon the train.   A majority
of the Commission of Appeals held that inasmuch as the
conductor of a freight train has no power whatever as to
the transportation of passengers, notice to the plaintiff of
his limited authority in this respect would be implied,
and, hence, that the plaintiff's presence on the freight
train was unlawful.   From this view Commissioner EARL
dissented, saying: "I think no authority can be found
holding that a person, under such circumstances, is unlaw-
fully or wrongfully upon a train; but there are numerous
authorities in this and other states holding otherwise.
This being so, there is abundant authority for holding
that he was entitled to protection against the willful or
negligent acts of the defendant or its agents."   In view
of this dissent, I think that the *Eaton* case should be
regarded as a controlling precedent only in cases where
the circumstances are precisely similar and that the doc-
trine of the prevailing opinion should not in any wise be
extended.   Thus limited, it is applicable only to cases
where the party injured is chargeable with notice that
the railroad employee who permits him to ride on a par-
ticular train has no authority to do so.   It cannot fairly
be contended in the present case that the plaintiff's intes-
tate must be presumed as matter of law to have known
that the engineer had no authority to allow him to ride
upon the engine.

It may also be observed in regard to the *Eaton* case
that the members of the Commission of Appeals who
united in the prevailing opinion expressly refrained from
declaring that the plaintiff was a trespasser.   (*Eaton* v.
*Del., L. & W. R. R. Co. supra*, p. 394.)

While permission to ride on a freight train or locomo-
tive given by subordinate agents such as the conductor or
engineer will not ordinarily suffice to constitute a person
to whom permission is thus given a passenger, yet the
weight of authority is in favor of the proposition that the
consent of such employee is sufficient to require the exer-

cise of ordinary care by the employer even though it does not demand the highest practicable degree of care such as a carrier owes to a passenger.

The tendency of the courts is to hold that a person riding upon a train other than a passenger train with the consent of those in charge, although against the rules of the company of which he is ignorant, is to be deemed a licensee rather than a trespasser. (See *Lemasters* v. *Southern Pacific Co.*, 131 Cal. 105.)

The case upon which the appellant chiefly relies is *Wickenburg* v. *Minneapolis, etc., R. R. Co.* (94 Minn. 276). There it appeared that the tracks of the defendant company and the Chicago, St. Paul, Minneapolis and Omaha Railroad Company intersect at Turtle lake in the state of Wisconsin. In consequence of the negligence of the defendant one of its trains collided at the crossing with a train on the Omaha road, seriously injuring the plaintiff, who was a boy twelve years old, and who had boarded the Omaha train when it stopped before passing the crossing for the purpose of riding to a neighboring station. He was riding upon one of the cars or clinging to its steps in violation of a Wisconsin statute. His presence was unknown to the Omaha Company or any of its employees in charge of the train. The Supreme Court of Minnesota held that the obligation of the defendant to exercise reasonable care to avoid a collision with the Omaha train or not to injure persons lawfully riding thereon did not extend to the plaintiff and that he could not recover.

It is to be observed that this was the case of a trespasser pure and simple and not a licensee; for, as has been said, no one on the Omaha train sanctioned the plaintiff's presence thereon or was aware of it. The Omaha Company, therefore, owed him no duty until it discovered him in a position of peril, and was only liable to him for a willful or wanton injury.

That this decision, however, was not intended to go so far as to pass upon the rights of a licensee under similar

conditions, as distinguished from a mere trespasser, is apparent from the following paragraph in the opinion: " We need not indulge in a discussion of the question whether persons upon a train with which another negligently collides, who are there with the knowledge and consent of the company, riding without payment of fare with the consent of the employees or upon forged passes, or other unlawful or fraudulent means, would be entitled to recover. There is a marked distinction between persons riding on a train with the knowledge and consent of its employees, and persons situated as plaintiff was — upon the steps of one of the cars attached to the train, without right, in violation of express law, and without the knowledge or consent of the company."

The suggestion is made in behalf of the appellant that the deceased was on the engine in violation of express law, and was even guilty of a crime in being there at the time when he was killed in consequence of the defendant's negligence. (Penal Law, § 1990.) The prohibition of the Penal Law, however, against riding on any railroad company's engine or freight or wood car, without authority or permission of the proper officers of the company, does not extend to a case where permission is given by " the person in charge of said car or engine." It is manifestly unreasonable to assume that Cole was on the engine without the permission of the engineer, in view of the evidence which has been mentioned as to his practice of riding thereon for two months before his death.

The concrete rule of law which we deem applicable to such a collision as occurred in this case is that the defendant whose freight train ran into the Wabash engine at the crossing was bound to exercise ordinary care not to injure any person riding upon that engine whose presence thereon was not of such a character as to constitute him a wrongdoer. Further than that, the status of the injured person toward the corporation on whose locomotive he was riding was immaterial to the company operating the

train which caused the injury. If the collision had happened between the defendant's train and a passenger train of the Wabash and had resulted in injury to passengers on the latter train the Wabash Company would have owed such passengers the duty to exercise the very highest degree of care in the management and operation of its train; whereas the defendant would have been bound only to exercise ordinary care toward such Wabash passengers to avert a collision. (See *Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 380.) It does not follow that because the Wabash Company may not have owed any duty to the plaintiff's intestate *as a passenger* that the defendant owed him no duty at all. It may be conceded that if the decedent had been a trespasser upon the Wabash engine in the true sense of the term — that is to say, a person who had forcibly introduced himself upon the engine against the will or without the knowledge of those in control — neither the Wabash Company nor the defendant would have owed him any duty except to avoid the infliction of a willful or wanton injury. As to all persons, however, whose presence upon the Wabash engine was sanctioned by those in charge of its operation such presence is to be deemed lawful so far as third parties are concerned; and it was no concern of the defendant just what legal relation the plaintiff's intestate occupied toward the Wabash Company so long as he was not a forcible or secret trespasser.

It cannot be held that the deceased was guilty of contributory negligence as matter of law. The cases which impute contributory negligence to one who takes a comparatively perilous place upon a locomotive instead of riding in a car provided for passengers have no application here where there is nothing to show that the peril to the deceased was in any wise augmented by any act of his in choosing a dangerous rather than a safe place in which to ride. The locomotive on the occasion of the collision was proceeding alone.

There is no other feature of the case which requires discussion. It was tried without any substantial error affecting the result; and the judgment should, therefore, be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Judgment affirmed.