[Civ. No. 997. Third Appellate District.—October 31, 1912.]

JOAKIM LANG, Administrator of the Estate of Albert Lang, Deceased, Appellant, v. THE LILLEY & THURSTON COMPANY (a Corporation), et al. Defendants; JOHN J. MAHONY and JEREMIAH MAHONY, Copartners etc., Respondents.

ACTION FOR DEATH AGAINST COPARTNERS—NEGLIGENCE IN OPERATION OF ELEVATOR—PLEADING—INSUFFICIENT COMPLAINT—PARTICULARS CAUSING DEATH NOT SHOWN.—The complaint in an action 'for the death of plaintiff's intestate as the result of the alleged negligent operation of an elevator, does not state a cause of action, where it fails to specify the particular act or acts of negligence which proximately caused the accident; and also fails to specify in what respect the elevator was negligently operated, or any facts having a causal connection with the death of plaintiff's intestate.

ID.—MODE OF PLEADING NEGLIGENCE—GENERAL TERMS—PARTICULAR ACTS NEGLIGENTLY DONE—INSUFFICIENT CHARGE OF NEGLIGENCE

OF UNSKILLED EMPLOYEE.—While it is sufficient to charge negligence in general terms, it is necessary to specify the particular acts alleged to have been negligently done. It is not sufficient to charge that the elevator in question was then and there operated in a negligent manner by an incompetent and unskilled employee.

ID.—NECESSITY OF DECEASED TO BE IN ELEVATOR SHAFT NOT SHOWN— LEGAL DUTY OF COPARTNERS TO OPERATE ELEVATOR NOT AVERRED. The complaint is further insufficient in not making it appear that it was necessary that the deceased should have been in the elevator shaft to do the work required of him by the corporation by which he was employed; and it must be assumed that any work so done by him was not any part of the work that the corporation, as a subcontractor, was employed by the copartners, as contractors, to perform. The complaint does not therefor show that the copartners owed to deceased any legal duty.

ID.—NEGLIGENCE IMPLIES A CORRESPONDING DUTY—SHOWING OF LEGAL DUTY IN COMPLAINT ESSENTIAL.—There can be no negligence without the existence of a corresponding duty. The complaint against the copartners must set out facts showing by what duty, or by what right the injured person was on the premises at the time of receiving the injuries complained of, as causing his death, whether as a trespasser, a licensee, or an employee; otherwise, it will fail to state a cause of action.

ID.—EFFECT OF LICENSE TO COME UPON PREMISES.—The license to the deceased to come upon the premises would not give him the right to roam at will in a manner disconnected from and not pertaining to the business in hand.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court, and in the opinion reported *ante,* p. 223.

Costello & Costello, for Appellant.

Linforth & Herrington, and C. H. Wilson, for Respondents.

BURNETT, J.—The question for solution on this appeal by plaintiff involves the legal integrity of the ruling of the lower court sustaining the demurrer of defendants, the Mahony Bros., to plaintiff's second amended complaint. In an opinion rendered by this court and filed the twenty-third day of the present month and reported *ante,* p. 223, [128

Pac. 1028], the order of the lower court sustaining the demurrer of The Lilley & Thurston Company was upheld, and to that decision reference is made for a fuller exposition of plaintiff's pleading. The demurrer of respondents herein, which was both general and special, directs attention to several asserted defects in said second amended complaint. Of these, brief consideration will be given to two only. The ruling was justifiable for the reason that there was a failure to specify the particular act or acts of negligence which proximately caused the accident. It is not sufficient to allege that the elevator was negligently operated and thereby the injury was produced. Defendants should have been informed, by appropriate allegation, in what respect the contrivance was negligently operated and it should have appeared that the recited facts had a causal connection with the death of plaintiff's intestate. We are left entirely to surmise whether the elevator was moved too suddenly or too rapidly or too far or without warning or, in other words, what particular act was negligently performed. If the case were tried on the pleading as it stands it is evident that additional facts to those alleged would have to be proved in order for plaintiff to recover. If a witness were asked, in the language of the complaint, whether the elevator was operated in a "careless and negligent manner," it is quite apparent that it would call for the opinion of the witness, and, in the face of a proper objection, no answer would be permitted. Or if a witness should be called upon to state the facts as he observed them or to describe what he saw in reference to the operation of the elevator, it would hardly be contended that he might answer without challenge that the "elevator and counterweight were then and there operated in a careless and negligent manner by an incompetent and unskilled employee." As said in *Cary* v. *Los Angeles Ry. Co.,* 157 Cal. 603, [21 Ann. Cas. 1329, 27 L. R. A. (N. S.) 764, 108 Pac. 684]: "While it is permissible to charge negligence in general terms, it is nevertheless necessary to specify the particular act or acts alleged to have been negligently done. (*Stephenson* v. *Southern Pacific Co.,* 102 Cal. 144, [34 Pac. 618, 36 Pac. 407]; *Smith* v. *Buttner,* 90 Cal. 95, [27 Pac. 29].) If appellants had desired to predicate negligence

upon the crowded condition of the car they should have done so by appropriate allegation."

Another palpable defect in the complaint arises from the fact that it does not appear that it was necessary for deceased to be in the elevator shaft to do the work required of him by his employer, The Lilley & Thurston Co. It will be remembered that Mahony Bros. had the contract of erecting the building and had employed said company as a subcontractor "to do certain work upon said building." The complaint does not disclose the nature of said work or in what part of the building it was to be performed. Whether it had anything to do with the elevator shaft or called for or justified the presence of any of the employees of The Lilley & Thurston Company in said shaft does not appear from the complaint. It does appear that deceased was ordered by the foreman of said company to do certain work in the elevator shaft but we have a right to assume that it was not a part of the work that The Lilley & Thurston Company were employed by Mahony Bros. to perform. At least, the complaint is uncertain in that respect and hence it does not sufficiently appear that respondents owed the deceased any legal duty. Of course, there cannot be neglect without the existence of a corresponding duty. (*Kennedy* v. *Chase,* 119 Cal. 637, [63 Am. St. Rep. 153, 52 Pac. 33].) The complaint must set out facts showing in what capacity or by what right the injured person was on the premises at the time of receiving the injuries complained of, whether as a trespasser, a licensee, or an employee; otherwise, it will fail to state a cause of action. (6 Thompson on Negligence, sec. 7578; *Grundell* v. *Union Iron Works,* 141 Cal. 566, [75 Pac. 184].)

In the Grundell case, speaking of the deceased, it is said: "It is not shown, therefore, that he was not a trespasser, and under the most favorable view which could be taken of the pleading, he was at the best a mere licensee. As such licensee, the defendant owed him no duty to keep its premises or its passageways in a safe condition, and no duty being owed by defendant to plaintiff, no negligence could be imputed to the former." There is no pretense that the deceased was employed by Mahony Bros. or that he was in the building by their request or invitation, and if they could be held liable at all, it could only be by virtue of the fact that he was

engaged in the work which they had employed the subcontractor to perform, and, as we have seen, the vital fact showing the contractual relation is not found in the complaint.

It could not be maintained that the right of the deceased to be in the building would impose upon respondents any legal obligation to assume that he would go into the elevator shaft or give rise to any duty as to him to operate the elevator in a careful manner. In other words, his license to come upon the premises would not give him the right to roam at will in a manner disconnected from and not pertaining to the business in hand. (*Glaser* v. *Rothschild,* 221 Mo. 80, [17 Ann. Cas. 576, 22 L. R. A. (N. S.) 1045, 120 S. W. 1]; *Hall* v. *Poole,* 94 Md. 171, [50 Atl. 703]; *McDonough* v. *Pelham Hod Elevator Co.,* 111 App. Div. 585, [98 N. Y. Supp. 90]; *Cogswell* v. *Rochester Machine Screw Co.,* 39 App. Div. 223, [57 N. Y. Supp. 145]; *Jossaers* v. *Walker,* 15 App. Div. 303, [43 N. Y. Supp. 891]; *Kennedy* v. *Chase,* 119 Cal. 637, [63 Am. St. Rep. 153, 52 Pac. 33].)

We deem it unnecessary to pursue the subject further. The defects pointed out by the demurrer could easily have been remedied, if the facts existed, and, it may be said, appellant was granted permission to amend. He chose, however, not to avail himself of the privilege and, as we are satisfied the action of the lower court was clearly justified, the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.