(163 App. Div. 751)

### ADAMS v. TOZER.   (No. 174-90.)

(Supreme Court, Appellate Division, Third Department.   September 9, 1914.)

1. MASTER AND SERVANT (§ 301*)—INJURY TO THIRD PERSONS—RELATION OF PARTIES.

Where plaintiff engaged defendant to move household goods from a railroad car to a house, the driver designated by defendant to accompany his van, who was hired and paid by defendant, and subject to discharge by him, was not plaintiff's servant, and his negligence, whereby plaintiff was injured, was not imputable to plaintiff, though plaintiff directed the driver where to go and accompanied him on the van.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

2. MASTER AND SERVANT (§ 302*)—INJURY TO THIRD PERSONS—LIABILITY TO LICENSEE.

Where plaintiff, who had engaged defendant to move household goods from a railroad car to a house, assisted defendant's driver in loading and unloading the goods as was evidently contemplated by the parties, and defendant's van was fitted with a seat for the use of the driver and any other person who might have the right to use it, the driver was not acting outside of his authority in inviting plaintiff to ride upon the van, and plaintiff was not a trespasser, but a licensee to whom defendant owed the duty of exercising reasonable care.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Tioga County.

Action by Alvan Adams against John F. Tozer. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Charles C. Annabel, of Waverly, for appellant.

Howard & Sebring, of Waverly, for respondent.

LYON, J. This appeal is from a judgment entered upon a non-suit granted at the close of the evidence. The action is to recover damages on account of personal injuries sustained by appellant by the over-turning of respondent's van upon the seat of which the appellant was riding at the invitation of the driver. The negligence charged was that the van furnished by the respondent was improperly constructed, top-heavy, and easily upset, and that the driver of the van carelessly cramped the wheel too short, overturning it. The defense was that the van was of proper construction and was hired solely to carry the appellant's household goods, and that the appellant in riding thereon did so at his own risk at the invitation of the driver, who was the servant of appellant and not of the respondent. The evidence relating to the hiring of the van and to the relations between the driver and the appellant is very meager, but it appears that the appellant sent one Green to respondent's place of business, which was conducted under the name, "Tozer's Livery," when the following conversation was had: 

"Q. And what did you say to Mr. Tozer in reference to getting a van? A. I told him my brother-in-law had moved from Buffalo, and his goods were in the car, and we should like to get a rig to move the household goods from the car to No. 9 Pleasant street. * * * He said all right, he guessed he could wait on us and fix us out all right after dinner. * * * We asked him how much it was, and he said a dollar and a half a load."

That afternoon one of respondent's drivers in charge of a team and van met the appellant and his father at the car. The appellant testified, "I instructed him that was the car and assisted him in unloading the car." The appellant and his father entered the car and handed the goods to the driver, who placed them in the van. When the van had been loaded, the appellant took some of the articles in his arms to carry them to the house, whereupon the driver said, "You may as well ride," and the appellant thereupon got upon the van and rode to the house. Upon an objection being raised by respondent to this testimony as not within the pleadings, the court remarked:

"He had a right to get on without being invited. The plaintiff was the boss, and had a right to get on and get off. Your cause of action rests on the defect of the wagon if there is any. This driver became the plaintiff's servant."

The appellant testified that he, his father, and Green assisted in unloading the van at the house, and, upon the driver announcing that the goods were all out, appellant's father said, "Let's go back and get another load," to which the driver said, "All right, come on and get on," whereupon the appellant took a seat beside the driver, and appellant's father took a place inside the van. The van and team were then stand-

ing in Pleasant street, upon a sloping grade, and the driver in starting his team to go back to the car turned them so sharply to the left that the van was overturned. The appellant was thrown out, and the top of the van fell upon him, breaking his leg. The appellant testified that he did not control the movement of the horses, and that he did not remember of telling the driver to do anything with reference to driving the wagon and team. In answer to the question as to whether he in any way directed the movements of the driver, the appellant testified that he did; but this appears to have been simply to the extent of informing the driver as to the location of the car to be unloaded. The driver was not called as a witness.

The greater part of the evidence related to the question as to the proper construction of the van and whether it was reasonably safe to use. The testimony was sufficient to raise a question of fact as to that issue.

At the close of the evidence a nonsuit was granted, evidently upon the ground, as indicated by the remark of the court made near the close of the case, that there was no furniture in the van when it tipped over, that while the respondent might have been liable for any injury to the goods being transported, as to carrying the appellant the driver was his servant and not the servant of the respondent, and hence that the respondent was·not chargeable with any negligence of the driver which resulted in injury to the person of the appellant.

The respondent has cited the case of Lugo v. Newbold, 9 Exch. 302, which related to a contract made by the defendant to carry furniture for the plaintiff from Carnaby street to New Inn Passage, both in the county of Middlesex. In pursuance of such contract the defendant sent a horse and cart in charge of his servant, who received and loaded the goods and at the plaintiff's request permitted her to ride in the cart. On the journey the plaintiff expressed fears that the cart was not safe, whereupon the driver examined it, made some repairs, and expressed the opinion that the cart was safe. Soon thereafter it broke down, throwing a portion of the goods out and breaking them and breaking the plaintiff's leg. The court held that the defendant had contracted to convey the plaintiff's goods only, and that it was no part of his contract to carry the plaintiff, and that it did not appear that the defendant gave the plaintiff permission to ride in his cart or that he had any knowledge of the fact, and hence that she got into the cart without any right to do so and brought the accident upon herself, and that "she must therefore take all the consequences of her own culpable conduct." It may be assumed that the plaintiff was not a participant in loading or unloading the goods. A recovery was allowed for the damages to the goods, but denied as to her personal injuries.

The other cases cited by respondent furnish insufficient authority for the affirmance of the judgment. In Eaton v. D., L. & W. R. R. Co., 57 N. Y. 382, 15 Am. Rep. 513, the majority opinion of the court held that the presence of the plaintiff upon a freight train at the invitation of the conductor who had no right to carry passengers was unlawful, and hence that he could not recover for personal injuries sustained in a collision which resulted from the negligence of the defendant; notice by plaintiff of the conductor's limited authority being implied. Earl, J.,

in a dissenting opinion held that the plaintiff was not thus wrongfully or unlawfully upon the train, and that he was entitled to protection against the willful or negligent acts of the defendant or its agents.

In Grimshaw v. Lake Shore & M. S. Ry. Co., 205 N. Y. 371, 375, 98 N. E. 762, 40 L. R. A. (N. S.) 563, Ann. Cas. 1913E, 571, the statement of Judge Earl was approved and the decision of the Eaton Case limited to those instances where the person injured was chargeable with notice that the employé who permitted him to ride had no authority to do so.

In McDonough v. Pelham Hod Elevating Co., 111 App. Div. 585, 98 N. Y. Supp. 90, and in Morris v. Brown, 111 N. Y. 318, 330, 18 N. E. 722, 7 Am. St. Rep. 751, neither the elevator nor the car was provided with accommodations for carrying passengers and each was plainly intended for the transportation of materials only. In the former case, it was held that the engineer in permitting the plaintiff to ride on the elevator was acting outside the scope of his authority; and, in the latter case, that there was no implied license that plaintiff might ride on the car.

In Browning v. Erie Railroad Co., 66 Misc. Rep. 72, 122 N. Y. Supp. 717, the captain of a lighter invited some little girls aboard and told them they might play on the boat. While climbing a ladder, the lurching of the boat by the action of the waves caused the plaintiff to lose her grip upon the ladder, and she fell and was injured. The court held that the captain was plainly not acting within the scope of his authority and that the defendant was not liable.

In Patnode v. Foote, 153 App. Div. 499, 138 N. Y. Supp. 221, this court held that, the defendant having invited the plaintiff to ride with him in his conveyance, she was a licensee to whom he owed the duty of exercising ordinary care, and that he was liable for damages sustained by her by reason of his negligent driving.

[1] In the case at bar the driver was the servant of the respondent. It was the respondent who hired him, who paid him, and who had the power to discharge him, and who designated him as the person to accompany the van on that day. The mere fact that the appellant may have directed the driver where to go did not make the driver the servant of the appellant nor render the negligence of the driver imputable to the appellant. Kellogg v. Church Charity Foundation, 203 N. Y. 191, 96 N. E. 406, 38 L. R. A. (N. S.) 481, Ann. Cas. 1913A, 883.

"The simplest case, and that which was earliest decided, was where horses and a driver were furnished by a liveryman. In such cases the hirer, although he suggests the course of the journey, and, in a certain sense, directs it, still does not become the master of the driver, and responsible for his negligence, unless he specifically directs or brings about the negligent act." Standard Oil Co. v. Anderson, 212 U. S. 215, 222, 29 Sup. Ct. 252, 254 (53 L. Ed. 480).

In the case of Grimshaw v. Lake Shore & M. S. Ry. Co., 205 N. Y. 371, 98 N. E. 762, 40 L. R. A. (N. S.) 563, Ann. Cas. 1913E, 571, it was held that a person riding, evidently with the sanction of the engineer, upon a Wabash engine which was struck by a train of the defendant company, such person being without knowledge, so far as appears, of the fact that the rules of the company did not permit him to ride thereon, did not, in the absence of authority on the part of the engineer to

permit him to ride thereon, become a passenger, but the permission relieved him from the imputation of being a wrongful intruder and obligated the railroad company to the exercise of ordinary care not to injure him. The court also says:

"While permission to ride on a freight train or locomotive given by subordinate agents such as the conductor or engineer will not ordinarily suffice to constitute a person to whom permission is thus given a passenger, yet the weight of authority is in favor of the proposition that the consent of such employé is sufficient to require the exercise of ordinary care by the employer even though it does not demand the highest practicable degree of care such as a carrier owes to a passenger. The tendency of the courts is to hold that a person riding upon a train other than a passenger train with the consent of those in charge, although against the rules of the company of which he is ignorant, is to be deemed a licensee rather than a trespasser. See Lemasters v. Southern Pacific Co., 131 Cal. 105, 63 Pac. 128."

[2] In the case at bar the appellant was engaged with the driver in the common enterprise of removing two loads of household goods from a car to the house which appellant was to occupy. The work could not well be done by the driver alone, but the assistance of the plaintiff was necessary both as to loading and unloading of the van, and it was evidently in the contemplation of the appellant and respondent at the time of hiring the van that the necessary assistance should be furnished by the appellant to supplement the work of the driver and team. The van was fitted with a seat for the use of the driver, and of any other person who might have the right to use it. The obligation of the respondent was to move the goods from the car to the house, and the driver representing the respondent had the authority to do what was reasonable and necessary for that purpose. The route from the car to the house through the various streets was given, indicating that the car and house were not in proximity; but the distance was not given. While it was not shown that it was customary for the persons assisting in the work of moving goods to ride back in the wagon returning empty, it may fairly be assumed that in the interest of expediting the work and conserving the strength of the workers such course was practical and reasonable and fairly within the contemplation of the parties at the time the bargain was made, and we think the driver was not acting outside of his authority in inviting the appellant and his father to ride. By taking his place upon the seat of the van at the invitation of the driver the appellant did not thereby assume charge of the driver and team, nor did he become a trespasser; but he became a licensee on behalf of whose safety the respondent owed the duty of exercising reasonable care. Whether or not as the servant of the respondent the driver did exercise such care was, we think, under the evidence, fairly a question of fact which should have been submitted to the jury.

The judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.