ROYAL INDEMNITY COMPANY, Appellant, *v.* PLATT & WASHBURN REFINING COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Workmen's Compensation Law — when damage for personal injuries is covered by — negligence — evidence — succession to rights either by way of subrogation or assignment — trial.

   Plaintiff, who under the Workmen's Compensation Law had insured a Connecticut firm against claims of its employees while engaged in its business in the state of New York, brought a common-law action against a third party to recover the amount of an award allowed by the commission in this state in favor of

such an employee who was injured through the alleged negligence of defendant, which said award was paid by plaintiff. *Held*, upon a consideration of the evidence, that as at the time of the accident the injury was caused by an employee of defendant the question of his negligence was for the jury.

While B, an employee of defendant was using one of its automobiles to go about visiting oil customers in this state, the injured party, going to some lumber yards on business, in accepting B's invitation to ride was a licensee, toward whom defendant owed the duty of exercising ordinary care, and his claim for personal injuries received through the negligence of B was expressly covered by the Workmen's Compensation Law.

The fact that the employee presented and accepted payment for his injuries through said statute estops him from claiming that plaintiff had not succeeded to his rights against defendant either by way of subrogation or assignment.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, dismissing its complaint at the close of plaintiff's case.

Frank J. O'Neill (Barent L. Visscher, of counsel), for appellant.

Otto D. Parker (Louis Cohn, of counsel), for respondent.

BIJUR, J. Plaintiff had provided insurance under the Workmen's Compensation Law to a Connecticut firm against claims of its employees while engaged in its business in this state. It had paid such a claim which had been allowed by the commission in this state in favor of one McGuiness, and brings this action to recover the amount of the award it had paid against the third party through whose negligence the accident to McGuiness is alleged to have occurred.

The circumstances of the accident were as follows:

McGuiness while buying lumber and some other supplies in this state happened to be at Brookhaven on Long Island and desired to go to some lumber yards beyond East Moriches. Braden, an employee of defendant, engaged in selling oil on its behalf, solicited business and used one of defendant's automobiles to go about visiting customers. He was acquainted with McGuiness, and meeting the latter at Brookhaven invited him to go along and offered to take him to the lumber yards, which was McGuiness' destination. He also invited two other persons to accompany him, one of whom testified at the trial. After leaving Moriches, Braden, according to the testimony, when nearing a curve in the road, turned to speak to some one of his guests who called his attention to the approaching curve, when Braden suddenly turned the front wheels and the accident resulted, from which McGuiness received the injuries.

There was thus ample proof to go to the jury on Braden's negligence.

The learned judge below seems to have dismissed the complaint for the reason urged by the defendant that Braden was not at the time of the accident engaged in defendant's business. The record, however, discloses the contrary. It was his business to solicit orders for oil and to use defendant's automobile for that purpose. He was engaged in that business at the time of the accident, and plaintiff having been invited by him to ride was a licensee of the defendant toward whom it owed the duty of exercising ordinary care. *Grimshaw* v. *Lake Shore & M. S. R. R. Co.*, 205 N. Y. 371; *Adams* v. *Tozer,* 163 App. Div. 751. In addition to that fact McGuiness testified affirmatively that Braden was during the trip soliciting an order for oil from McGuiness.

Respondent on this appeal urges also that the compensation commission improperly made any award to McGuiness, and that, therefore, plaintiff, as indemnitor had no better and no valid claim against the defendant. This claim, upon which the judge below seems not to have passed, is based upon the fact that McGuiness' employers are located in Connecticut and that he was hired there. There is no doubt, however, that McGuiness was and had been for some time engaged in their business in this state, and as I read the law his claim is expressly covered thereby. Such also is the plain intimation of the recent case of *Matter of Gardner* v. *Horseheads Cons. Co.,* 171 App. Div. 66. But it does not seem to be important in a determination of this case whether McGuiness' right to compensation from his employer is covered by our statute or not. Defendant is being sued not under the statute, but on its common-law liability for negligence toward McGuiness, a third party not its employee. McGuiness' course in presenting and accepting payment through the workmen's compensation commission would certainly estop him from claiming against defendant that plaintiff indemnity company had not succeeded by way either of subrogation or assignment to all of McGuiness' rights against the defendant.

Judgment reversed and new trial granted, with thirty dollars costs to appellant to abide the event.

Guy and Mullan, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.