WILLIAM G. NORTH, SR., as Administrator, etc., of WILLIAM G. NORTH, JR., Deceased, Plaintiff, *v.* DAVID DONALDSON CO., INC., and Another, Defendants.

Supreme Court, Erie County, January 19, 1928.

**Street railways — collision with vehicle — decedent was trespasser on truck with which street car collided — error to charge that defendant railway owed decedent only duty of refraining from injuring him by willful or wanton act.**

The decedent, a boy, was riding on a motor truck without authority when one of defendant's street cars collided with the truck and killed the decedent. While the decedent was a trespasser on the truck, he was lawfully on the street, and it was error for the court to charge that the defendant railway owed him only the duty of refraining from injuring him by willful or wanton act. The defendant railway owed the decedent the same duty as it owed every other person lawfully on the street.

MOTION for a new trial made under section 549 of the Civil Practice Act on the judge's minutes to set aside a verdict and grant a new trial upon exceptions taken at the trial, and also because the verdict is contrary to law.

*Phillies & Weil,* for the plaintiff.

*Franklin R. Brown,* for the defendant David Donaldson Co., Inc.

*Gordon Steele,* for the defendant International Railway Company.

HARRIS, J. This action was tried before me and a jury. The complaint alleged and the plaintiff proved on the trial that while the plaintiff's intestate was riding on the rear end of a truck belonging to the defendant David Donaldson Co., Inc., which truck was proceeding along Grant street in the city of Buffalo, the said intestate met his death through the collision of such truck with a street car belonging to the defendant International Railway Company. The jury disagreed as to the liability of the defendant David Donaldson Co., Inc., and rendered a verdict of no cause of action in favor of the defendant International Railway Company.

Upon the close of the evidence the proof was such that I charged the jury to the effect that the deceased was as a matter of law a trespasser on the truck of the defendant David Donaldson Co., Inc., and that, therefore, such defendant owed to the deceased only the duty of refraining from injuring him by a willful or wanton act. I further instructed the jury that in view of the fact that the boy was a trespasser on the truck, the defendant International Railway Company only owed to him the duty commonly owed to a tres-

passer, that is, to refrain from a willful or wanton act, and I refused to instruct the jury that, so far as the defendant International Railway Company was concerned, the deceased was entitled to the use of reasonable care.

After considering the arguments made on this motion and the authorities submitted, I have come to the conclusion that I erred in instructing the jury in reference to the duty owed to the deceased by the defendant International Railway Company. It is true that, so far as his being on the truck of the other defendant was concerned, the deceased was a trespasser and there was owed by the defendant David Donaldson Co., Inc., only the duty of care to be accorded to a trespasser; but I think that, so far as the defendant International Railway Company is concerned, it made no difference as to whether or not the boy was rightfully on the truck of the other defendant. The operators of street cars using the public thoroughfares are under a duty to exercise reasonable care to all persons legally on such thoroughfares; this boy had a right to be upon the thoroughfare, and the fact that he was riding on the truck without the permission of the owner thereof should not relieve the defendant International Railway Company of its duty towards those using public thoroughfares, which is the duty of exercising reasonable care to all those using the thoroughfares. The boy, in riding on the truck, was engaged in common, ordinary activities of boys on public highways, and the operator of the street car, from his experience as such an operator, should have been aware of the fact that people ride on the rear of trucks and could have anticipated that persons were thus riding, and the operator of such street car should have governed himself accordingly, using the care that was commensurate with the circumstances. (*Grimshaw* v. *L. S. & M. S. R. Co.*, 205 N. Y. 371, 377, 378; *Gobrys* v. *Utica Gas & El. Co.*, 201 App. Div. 872, no opinion; see charge of CROUCH, J., at Trial Term.)

The plaintiff's proof at the trial was that the motorman did not keep a proper look-out, leaving his post in the front of the car; drove the car at an excessive speed at a curve and lost control of his car and, if believed by a jury, would have been sufficient, under a proper charge of the court, to warrant a verdict against the defendant International Railway Company. In view of this, I have reached the conclusion to set aside the verdict of the jury, in so far as the defendant International Railway Company is concerned, and to grant a new trial herein.

An order in accordance with the above may be prepared and submitted to me for signature.