HYMAN GOLDBERG, an Infant, by SAMUEL GOLDBERG, His Guardian ad Litem, Respondent, *v.* BORDEN'S CONDENSED MILK COMPANY, Appellant.

Second Department, November 26, 1918.

**Master and servant — negligence — injury to child employed in violation of Labor Law — employment of child by employee without knowledge of master.**

Where a company engaged in the sale and delivery of milk, pursuant to the provisions of the Labor Law forbidding the employment of a child of twelve years or under in the distribution of merchandise, has promulgated a rule forbidding route salesmen to allow children on their wagons, and has given explicit verbal instruction to the same effect, it is not liable for injuries to a child of twelve years of age who, in violation of instructions, was employed by a route salesman who paid him out of his personal wages for aid in distributing milk without the knowledge or consent of his employer.

RICH, J., dissented.

APPEAL by the defendant, Borden's Condensed Milk Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 18th day of February, 1918, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 14th day of February, 1918, denying defendant's motion for a new trial made upon the minutes.

About five-thirty A. M., Sunday, August 27, 1916, Hyman Goldberg, aged twelve, at the corner of Marcy avenue and South Fifth street, Brooklyn, was awaiting the arrival of

Sunday papers which he was to sell about the Williamsburg bridge plaza. John Huber, one of defendant's regular drivers and route salesmen, invited the Goldberg boy to ride on his milk wagon. Later the boy was given a bottle of milk to deliver at No. 150 Marcy avenue. When he returned to get on the milk wagon, his leg was run over. Although it is disputed whether the wagon was then moving or at rest, the verdict imports a finding that before the boy's foot was on the step, Huber started the horse, causing the boy to fall.

Huber had been a year in defendant's service. In his route book, as in defendant's other route books, appeared printed inside the cover: "Route salesmen must not allow children in the wagons." Huber and defendant's other salesmen had also received explicit verbal instructions to the same effect. This notice had been posted in defendant's office: "It is absolutely against the rules and regulations of the company to have boys on the wagons, and also against the laws of the State."

However, without defendant's knowledge, Huber had let plaintiff come on his wagon to help make deliveries, for which Huber paid him from his own wages and commissions. This arrangement had gone on for three or four months, before this accident, entirely without defendant's knowledge.

Huber testified that in the few instances when one of defendant's inspector's approached, he would tell the boy to "beat it," and would chase him away. When recalled, plaintiff denied knowledge of defendant's rule forbidding children to ride on the wagons. He, however, did not contradict this testimony about his being warned away from the sight of defendant's inspectors.

*George O. Redington* [*Walter Engels* and *Edward J. Redington* with him on the brief], for the appellant.

*Julius S. Belfer* [*Jay S. Jones* and *Aaron Benjamin* with him on the brief], for the respondent.

PUTNAM, J.:

The question here is as to plaintiff's status as an invitee. Clearly the driver had no right or authority to let plaintiff ride with him. Unlike a public carrier like a railroad or

omnibus company, milk wagons are not held out to the public to carry passengers. If, in spite of the defendant's rules, posted notices, regulations, and the laws of the State, drivers deceive their employers, and let boys of twelve assist, except when inspectors are in sight, it cannot be held that such invitation or permission is within defendant's authority, real or apparent. All persons are deemed conusant of the law of the land, and parents are bound to observe the statutes against work by young children. A child of the age of twelve is forbidden to be employed in the distribution or transmission of merchandise, or in the distribution or sale of articles. (Labor Law [Consol. Laws, chap. 31; Laws of 1909, chap. 36], §§ 161, 162, as amd. by Laws of 1915, chap. 386, and Laws of 1911, chap. 866; *People ex rel. Price* v. *Sheffield Farms-S.-D. Co.,* 180 App. Div. 615.) This defendant had enforced this law by suspending any employee violating it, and, in at least one case, by discharge of such disobedient driver.

On these facts, the plaintiff cannot be deemed an invitee, when both the law of the State and defendant's regulations prohibited his presence and participation in such milk deliveries. (*Eaton* v. *Delaware, L. & W. R. R. Co.,* 57 N. Y. 382; *Morris* v. *Brown,* 111 id. 318; Elliott Railroads, § 1255.) The case of *Grimshaw* v. *Lake Shore & M. S. R. Co.* (205 N. Y. 371), cited by respondent, was not a liability under *respondeat superior,* but of defendant's negligent collision with the engine of another railroad company, lawfully using defendant's tracks.

It follows that as plaintiff was unlawfully about defendant's milk wagon, without either the real or apparent authority from defendant, he cannot recover. I advise, therefore, that the judgment and order be reversed, with costs, and complaint dismissed, with costs.

JENKS, P. J., THOMAS and BLACKMAR, JJ., concurred; RICH, J., voted to affirm.

Judgment and order reversed, with costs, and complaint dismissed, with costs.