WILLIAM BARRETT, Respondent, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

Second Department, May 23, 1919.

Street railway — person entering car to pay fare for others a licensee and not a trespasser — implied authority to permit persons not passengers to enter public conveyances — duty of street railway company to refrain from affirmative act of negligence that may injure licensee upon car — starting of car with jerk, with knowledge that it was slowing down to enable licensee to alight.

Where a person enters a street car for the mere purpose of paying the fare of others and without any intention of becoming a passenger, he is a licensee and not a trespasser.

The authority to determine when persons not passengers may enter public conveyances is impliedly conferred upon the agent in charge.

When employees of a conveyance operated by common carriers permit the presence on the conveyance of persons who have not paid their fares as

passengers, such permission relieves such persons from the imputation of being wrongful intruders or trespassers.

While the owner of premises does not owe to a licensee the duty of using ordinary care that the premises shall be in a safe condition, he does owe the duty of refraining from any affirmative act of negligence that may endanger the licensee.

Where a licensee upon a street car requests the conductor to stop at the next crossing, and the latter signals the motorman to do so, and said licensee goes upon the step of the back platform, the act of the company's employees in suddenly starting the car forward with a jerk throwing said licensee to the street, when with their knowledge the car was slowing down for the purpose of enabling the licensee to alight, is an affirmative act of negligence and a violation of the company's duty.

APPEAL by the defendant, Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of December, 1918, on the verdict of a jury for $1,700.

The plaintiff, with three ladies, entered a street car, operated by the defendant, at the corner of Middagh and Fulton streets in the borough of Brooklyn. The plaintiff had no intention of becoming a passenger. He paid the fare of the three ladies and then notified the conductor that he wished to alight at the next corner. According to the request of the plaintiff, the conductor gave the signal to the motorman to stop, and the car slowed down. The plaintiff went upon the step of the back platform of the car, awaiting its stopping, and while there the car was suddenly started forward with a jerk, which detached plaintiff's hold upon the " grab bar " and threw him into the street, inflicting upon him the injuries for which this judgment has been rendered.

*Trabue Carswell* [*George D. Yeomans* with him on the brief], for the appellant.

*William V. Burke,* for the respondent.

BLACKMAR, J.:

This appeal raises the question of the duty that the defendant owed to the plaintiff, who was not a passenger on the car. We think that the plaintiff was a licensee and not a trespasser. He entered to pay the fare of the three ladies. Having

done so, he requested the conductor to stop at the next street crossing. The conductor, learning then for the first time that he was not a passenger, consented and signaled the motorman to stop. In so doing he recognized that plaintiff was not wrongfully on the car and permitted his presence. (*Grimshaw* v. *Lake Shore & M. S. R. Co.*, 205 N. Y. 371.) As it is sometimes proper to permit persons who are not passengers to enter public conveyances, the authority to determine when that may be done is impliedly conferred upon the agent in charge. The rule is different in cases of private premises and private vehicles, such as *Goldberg* v. *Borden's Condensed Milk Co.* (185 App. Div. 222); *McDonough* v. *Pelham Hod Elevating Co.* (111 id. 585), and *Morris* v. *Brown* (111 N. Y. 318). The case of *Eaton* v. *Delaware, L. & W. R. R. Co.* (57 N. Y. 382) is limited by the *Grimshaw Case* (*supra*). The law seems to be that when employees of a conveyance operated by common carriers permit the presence on the conveyance of persons who have not paid their fares as passengers such permission relieves such persons from the imputation of being wrongful intruders or trespassers. (*Grimshaw* v. *Lake Shore & M. S. R. Co.*, *supra*.)

Notwithstanding the expressions found in some authorities, in which a licensee is placed in the same category as a trespasser with reference to the duty that the owner of the premises owes, we think there is a distinction. The owner of the premises owes to a trespasser no duty except to refrain from intentionally or wantonly injuring him. (*Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129; *Birch* v. *City of New York*, 190 id. 397; *Blackmore* v. *Toronto Street Railway Co.*, 38 U. C. Q. B. 172; *Magar* v. *Hammond*, 183 N. Y. 387.) To a licensee the owner of the premises owes no duty to exercise care that the premises are safe, for the licensee, in entering by permission, takes the risk of their condition. (*Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391; *Heskell* v. *Auburn L., H. & P. Co.,* 209 id. 86; *Vaughan* v. *Transit Development Co.,* 222 id. 79; Pollock Torts [10th Eng. ed.], p. 544 *et seq.; Dixon* v. *Swift*, 98 Maine, 207, 209; *Cusick* v. *Adams*, 115 N. Y. 55; *Beck* v. *Carter*, 68 id. 283.)

But while the owner of premises does not owe to a licensee the duty of using ordinary care that the premises shall be

in a safe condition, he does owe the duty of refraining from any affirmative act of negligence that may injure the licensee. In *Barry* v. *N. Y. C. & H. R. R. R. Co.* (92 N. Y. 289) it was held that the defendant railroad company was liable for the negligent movement of trains over a passageway that the plaintiff's intestate was using as a licensee.    To the same effect is *Byrne* v. *N. Y. C. & H. R. R. R. Co.* (104 N. Y. 362). The same principle was applied in *Pomponio* v. *N. Y., N. H. & H. R. R. Co.* (66 Conn. 528), the court saying: " It is also true that the landowner must not himself, by what has been called ' his own active negligence,' injure either the licensee or the party invited, while they are upon his land." This principle was recognized in *Larmore* v. *Crown Point Iron Co.* (*supra*) and *Vaughan* v. *Transit Development Co.* (*supra*).    In Pollock on Torts (10th Eng. ed. p. 548) it is written: " It may probably be assumed that a licensor is answerable to the licensee for ordinary negligence, in the sense that his own act or omission will make him liable if it is such that it would create liability as between two persons having an equal right to be there."    So in *Walsh* v. *F. R. R. Co.* (145 N. Y. 301) the court said that the defendant owed the plaintiff " a duty to abstain from injuring him either intentionally or by failing to exercise reasonable care, but it did not owe him the duty of active vigilance to see that he was not injured while upon its land merely by permission for his own convenience."    This distinction, so well settled by the authorities in this State, does not seem to be recognized in the courts of Massachusetts, where the rule is the same as to a trespasser and a bare licensee.    (*O'Brien* v. *Union Freight R. Co.*, 209 Mass. 449.)

The rules of law applying to the case of one who goes upon premises in pursuance of a business interest common to him and the owner, and of one who enters as a guest, are somewhat different; but they are not germane to the question before us, not within the scope of this opinion, and are, therefore, not considered.

We, therefore, conclude that the defendant was liable to the plaintiff, a licensee, for any active negligence that resulted in his injury.    The act of defendant's employees in suddenly starting the car forward with a jerk when with their knowledge

it was slowing down for the purpose of enabling the plaintiff to alight, was an affirmative act of negligence, and as such it was a violation of the duty that the defendant owed to the plaintiff, who was a licensee.

The judgment should be affirmed, with costs.

Present — JENKS, P. J., RICH, PUTNAM, BLACKMAR and KELLY, JJ.

Judgment unanimously affirmed, with costs.