ELSIE WOERZ, an Infant, by HEINRICH WOERZ, Her Guardian
ad Litem, Respondent, v. HATTIE ROSENFELD and GERTRUDE
MANDEL, Appellants, Impleaded with AUGUSTA ISENBERG,
Defendant.

First Department, December 3, 1920.

**Master and servant — negligence — action by child of janitress of
apartment house to recover for injuries received in operating
dumbwaiter — employment without knowledge of landlord and in
violation of Labor Law.**

The defendants, owners of an apartment house, were not liable to the plain-
tiff, an infant, for injuries received in operating a dumbwaiter where it
appeared that the plaintiff's mother was the janitress of the house and that
she and her husband alone were authorized to operate the dumbwaiter
in the basement for the purpose of removing garbage for the various
tenants; that the defendants had no knowledge that said plaintiff was
permitted to perform that work, and that the Labor Law forbids a
child to work in connection with an apartment house.

The mother in delegating her duties to the child acted outside the scope of
her authority, and for damages arising from such unauthorized act the
principals cannot be held liable.

APPEAL by the defendants, Hattie Rosenfeld and another,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Bronx on
the 6th day of December, 1919, upon the verdict of a jury
for $7,500, and also from an order entered in said clerk's
office on the 19th day of December, 1919, denying said
defendants' motions to set aside the verdict and for a new
trial in an action against defendants as owners of an apartment
house for personal injuries alleged to have been received by
the plaintiff on the premises aforesaid due to the negligence
of the defendants.

*William Dike Reed,* for the appellants.

*J. A. Goodwin* of counsel [*Leonard F. Fish* with him on the
brief], *Thomas J. O'Neill,* attorney, for the respondent.

GREENBAUM, J.:

Plaintiff at the time of the accident on January 7, 1916, was
nine years, eleven months old. Her mother was the janitress of
the apartment house in question. While using and manipulating
a dumbwaiter in the rear of the cellar, which was a considerable

distance removed from the living quarters of her parents, the plaintiff was seriously injured. The evidence is undisputed that the accident occurred in the performance of work in assisting her mother, who with her husband alone was authorized to use the dumbwaiter in the cellar in order to remove garbage for the various tenants in the house. In other words, the child was injured while engaged in removing garbage cans for the tenants, a duty which devolved upon her parents. Defendants had no knowledge whatever of the fact that the plaintiff was permitted to perform any such work. The Labor Law (§§ 161, 162, as amd. by Laws of 1915, chap. 386, and Laws of 1911, chap. 866) forbids a child under the age of fourteen years to work in connection with an apartment house. Besides, the mother in delegating her duties to the child acted outside of the scope of her agency. For such an unauthorized act on the part of the mother the principals cannot be held liable. The facts disclosed upon the trial bring the case clearly within the rule applied in *Goldberg* v. *Borden's Condensed Milk Company* (185 App. Div. 222; affd., 227 N. Y. 465) and *Rolfe* v. *Hewitt* (Id. 486).

The judgment must be reversed and the complaint dismissed, with costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Judgment and order reversed, with costs. Complaint dismissed, with costs.