LEONARD KYFF and Another, as Administrators, etc., of THEODORE KYFF, Deceased, Appellants, *v.* GRAND CENTRAL WICKER SHOP, INC., and Another, Respondents.

Second Department, January 9, 1933.

*Charles D. Lewis* [*Thomas J. O'Neill* with him on the brief], for the appellants.

*James G. Purdy* [*Charles O. Truex* with him on the brief], for the respondent Grand Central Wicker Shop, Inc.

*H. H. Brown* [*E. C. Sherwood* with him on the brief], for the respondent Arena.

PER CURIAM. The court is unanimously of the opinion that no negligence was proved against defendant Arena, and the majority conclude that no case for submission to the jury as against defendant Grand Central Wicker Shop, Inc., was presented. The only inference permissible is that the plaintiff's intestate heard the driver cry out, " Get off," and his companion call out, " Cheese it." The intestate, hanging on to the left-hand corner of the tailboard of this large moving van, neither saw nor could have seen the helper descend from the front of the van and proceed along its right-hand side. Evidently plaintiff's intestate let go his hold of the van when his companion called out, " Cheese it," and what the intestate may have thought of this outcry is wholly speculative. Nothing else is inferable from this record. He let go of this van in safety but proceeded toward the center of the street instead of to the right, or sidewalk. The only evidence shows the truck to have been going uphill and at a very slow speed of from two to four miles per hour. The proximate cause of the accident was the heedless rush of the intestate, causing him to come in contact with the automobile approaching from the opposite direction.

The judgment should be affirmed, with costs.

KAPPER, CARSWELL and DAVIS, JJ., concur; LAZANSKY, P. J., concurs in so far as it is held that there was a question of fact for the jury as to the contributory negligence of plaintiff's intestate and that there was no proof of negligence as to defendant Arena, but dissents, with a separate opinion, as to defendant Grand Central Wicker Shop, Inc., being of opinion that as to that defendant the plaintiff was entitled to go to the jury; HAGARTY, J., concurs with LAZANSKY, P. J.

LAZANSKY, P. J. The members of the court are in accord that there was a question of fact for the jury as to the contributory negligence of the plaintiff's intestate, and that there was no proof of negligence as to defendant Arena; but are not in accord that under the facts the defendant corporation might be chargeable with negligence.

The jury would have been warranted in finding the following facts: Defendant corporation's large covered truck was proceeding at a slow speed westerly up a hill on a road fifteen or sixteen feet wide; defendant Arena's truck, going in an easterly direction at a slow speed down the hill, was approaching the corporate defendant's truck. Plaintiff's intestate, eight years of age, and two companions, of about the same age, were hanging on to the rear of defendant corporation's truck; an employee of defendant corporation saw, or should have seen, defendant Arena's truck approaching from the

opposite direction. Observing these boys hanging on the rear of his employer's truck, the employee alighted therefrom, on the right-hand side, and proceeded to the rear in a menacing manner for the purpose of driving the boys from the rear of the truck; noticing him approaching in this menacing manner, one of the companions of plaintiff's intestate cried out, "Cheese it," to the others, and all three scampered away — two to the right and to safety, intestate to the left and to his death, being struck by the front of defendant Arena's car, which had just about reached the rear of the corporate defendant's truck as plaintiff's intestate ran out therefrom.

Even the enhanced dangers on public highways, due to their almost exclusive use by automobiles, have not restrained boys from being boys. Their normal habits and practices are generally known and must be reasonably guarded against. The jury might have found that corporate defendant's employee, if he had exercised reasonable care, knew, or should have known, that when he approached the boys in a threatening manner it was reasonably likely that they would think of him as the paramount danger, and in such a state of mind would rush away, heedless of the fact that a car was approaching from the opposite direction. Because the employee's method of driving the boys from the car had sent plaintiff's intestate from a place of comparative safety to one of danger, resulting in his death, the jury might have found that his act was a negligent one.

There is no proof that the intestate saw the employee approaching, and, therefore, could not have known that he had been threatened by the employee. One of the intestate's companions, observing the menacing attitude of·the employee, gave a warning to the intestate that someone to be avoided was approaching. The signal of the approach of the employee had the same effect and might reasonably be expected to have the same effect — so a jury might find — as if intestate had seen the employee's approach.

It is said that the intestate left the truck of the corporate defendant in safety, and that, therefore, the act of the employee was not connected with his death. But the effect of the employee's act was to drive him from that position of safety into one of danger. It was a proximate cause of the resultant death.

Plaintiff's intestate was violating the law before and at the time of the approach of defendant's employee. That, however, did not justify the latter in carelessly disregarding the safety of the boy's life.

It is not possible to lay down any general rule of the course to be pursued by the driver of an automobile when he observes boys

riding on or hanging to the rear of his car. Each case necessarily depends upon the attending circumstances. Under the facts in this case, it is my opinion that the question of the corporate defendant's negligence should have been submitted to the jury.

HAGARTY, J., concurs.

Judgment affirmed, with costs.