PHILIP PAQUET, as Administrator, etc., of JOHN PAQUET, Deceased, Respondent, v. ROSALIE BARKER and Others, Defendants, and LOCAL SAND AND STONE CORP., Appellant.— Action to recover damages for the death of an infant caused by alleged negligence of appellant. Decedent fell into a pond where appellant was mining sand with a dredge. He fell from the top of the bank of the pond into the water through the alleged giving way of an overhanging portion of a top of the bank. Amended judgment entered upon a verdict in favor of plaintiff reversed on the law, with costs, and complaint dismissed, with costs. As a matter of law, the deceased was either a trespasser or a bare licensee. If he was a trespasser, the appellant owed to him no duty except that of refraining from intentionally or wantonly injuring him; if he was a bare licensee, the appellant owed him no duty to exercise care that the premises were safe for the licensee, who, in entering

by permission, took the risk of their condition. To such licensee, however, the appellant owed the duty of refraining from any affirmative acts of negligence that might injure the former. (*Barrett* v. *Brooklyn Heights Railroad Co.*, 188 App. Div. 109; affd., 231 N. Y. 605.) There is no proof (a) of intentional or wanton injury of the deceased by appellant; the competent proofs fail to show the existence of any " snare or trap," set by appellant, which resulted in the injury and death of the deceased. There is no proof (b) that appellant was guilty of any affirmative act of negligence resulting in the injury and consequent death of the deceased. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.