Roland Alfred Thibodeau, an Infant under the Age of Fourteen Years, by Frances Jameson, His Guardian ad Litem, and Frances Jameson, Respondents, *v.* Gerosa Haulage & Warehouse Corp. and George D. Lyon, Appellants.

Second Department, December 17, 1937.

*James A. Hughes*, for the appellants.

*Edward A. Coleman*, for the respondents.

TAYLOR, J. The action is for damages for personal injuries sustained by the infant plaintiff and for damages for medical expenses and loss of services by his grandmother *in loco parentis* against the corporate defendant (employer) and the individual defendant (employee). The infant plaintiff was a trespasser upon a certain loaded trailer which was a part of the corporate defendant's equipment, driven by the individual defendant slowly on the public highway. The individual defendant warned the infant plaintiff against riding on the trailer. The latter jumped therefrom, stumbled in the street, fell, and was injured by the left rear wheel of the trailer, which passed over his leg, resulting in amputation. The court submitted issues to the jury, which rendered a sealed verdict against the corporate defendant for damages, but in form did not mention the individual defendant. The corporate defendant moved to set aside the verdict and for a new trial. The motion was denied. The individual defendant moved to amend the judgment to provide that he have judgment dismissing the complaint as against him. That motion also was denied. From the judgment and order denying the corporate defendant's motion to set aside the verdict and for a new trial, that defendant appeals; and from the order denying his motion to amend the judgment, the individual defendant appeals.

The failure of the jury to mention the individual defendant in the verdict was in law the equivalent of a verdict in his favor upon the issues. (*Hyatt* v. *N. Y. Cen. & H. R. R. R. Co.*, 6 Hun, 306.) Therefore, the trial court should have granted his motion to amend the judgment; and as the corporate defendant's liability to plaintiffs would exist only if the individual defendant were negligent, the verdict in the latter's favor exonerated the former from liability. Hence, the verdict against the corporate defendant should have been set aside and the complaint as to it dismissed.

Further, upon the undisputed facts the infant plaintiff was a trespasser upon the trailer. The record is barren of proof sufficient to charge the defendants with a violation of their duty to such trespasser, as to whom the defendants would be liable only for wanton and reckless conduct resulting in his injury, and not for ordinary negligence. (*Barrett* v. *Brooklyn Heights Railroad Co.*, 188 App. Div. 109; affd., 231 N. Y. 605.) In the present case no

causal connection was shown between the alleged increase in the speed of the equipment and the casualty to the infant plaintiff. (*Vide Kyff* v. *Grand Central Wicker Shop, Inc.*, 237 App. Div. 539.)

The judgment in so far as it is against the corporate defendant should be reversed on the law, without costs as against the infant plaintiff and with costs as against the adult plaintiff, and the complaint dismissed on the merits as to that defendant, with costs against the adult plaintiff. The appeal from the order denying the corporate defendant's motion to set aside the verdict and for a new trial should be dismissed, without costs, as it has become academic. The order denying the motion of the individual defendant to amend the judgment so that he shall have judgment on the issues dismissing the complaint as against him, should be reversed on the law, without costs, and the motion thus to amend the judgment granted, without costs.

HAGARTY, DAVIS and ADEL, JJ., concur; CLOSE, J., concurs in the reversal of the judgment as against the corporate defendant, but dissents from the dismissal of the complaint, from the reversal of the order denying the motion of the individual defendant to amend the judgment, and from the dismissal of the appeal from the order denying the corporate defendant's motion to set aside the verdict and for a new trial, and votes for a new trial as to both defendants, with memorandum.

CLOSE, J. I concur in the reversal of the judgment as to the corporate defendant, but dissent from the dismissal of the complaint, from the reversal of the order denying the motion of the individual defendant to amend the judgment, and from the dismissal of the appeal from the order denying the corporate defendant's motion to set aside the verdict and for a new trial, and vote for a new trial as to both defendants.

The failure of the jury to mention the operator of the truck in its verdict was in effect a mistrial so far as he was concerned. In my opinion there was a question of fact for the jury. The verdict against the owner, without any finding as to whether the operator was negligent or not, brings about an incongruous result that requires a new trial in the interest of justice.

Judgment, in so far as it is against the corporate defendant, reversed on the law, without costs as against the infant plaintiff, and with costs as against the adult plaintiff, and complaint dismissed on the merits as to that defendant, with costs against the adult plaintiff.

Appeal from order denying the corporate defendant's motion to set aside the verdict and for a new trial dismissed, without costs, as it has become academic.

Order denying motion of the individual defendant to amend the judgment so that he shall have judgment on the issues dismissing the complaint as against him reversed on the law, without costs, and the motion to amend the judgment granted, without costs.