JULIA B. BOURCIER, Respondent, v. ERNEST PERYOR et al., Appellants.— Appeal from a judgment and order. The verdict was irregular. Defendants were owners and driver of an automobile which participated in an accident. The verdict for negligence against the owners and not against the driver never became a rendered verdict in that the court declined to receive it. The court was empowered to make such distinction. The liability of the owners arose only from the driver's negligence. The jury did not follow the court's instructions. The verdict recorded against all three defendants was the act of the Judge and not of the jury. Judgment and order reversed on the law, without costs, and a new trial ordered. Hill, P. J., Heffernan and Brewster, JJ., concur; Bliss and Schenck, JJ., dissent in the following memorandum: Action to recover damages for injuries sustained by plaintiff when the automobile in which she was riding as a passenger came into collision with an automobile driven by the defendant Rosalie Saulnier, and which plaintiff claims was owned by the defendants Peryor. The action was submitted to a jury which returned a sealed verdict in favor of plaintiff for $1,500, but did not state against which defendants. The trial court, without objection, directed the jury to retire and report against which defendants the verdict was found. The jury reconsidered and then reported that the verdict was against the defendants Peryor, the owners of the car. Upon questioning by the court, the jury stated that the verdict was not against the driver Saulnier. The court, then, of its own motion, amended the verdict by finding a verdict in favor of plaintiff against all the defendants for $1,500; although the jury again stated that its verdict was against the two Peryors for $1,500. It thus appears that the jury failed to find a verdict against the driver of the car and the driver was entitled to a judgment in his favor of no cause of action. (*Thibodeau* v. *Gerosa Haulage & Warehouse Corp.,* 252 App. Div. 615, affd. without opinion 278 N. Y. 551.) Likewise, as any liability on the part of the defendants Peryor was derivative and depended upon the existence of a cause of action against the defendant Saulnier, the complaint

should be dismissed as to those defendants. The effect of the decision about to be made is to give the plaintiff a second trial after a jury has found no liability as against the driver of the car. It also forces the driver to win the case twice. The attempt by the jury to hold the owners without holding the driver was futile and of no consequence. The complaint should be dismissed as to all defendants.