HOSINGER & BODE, INC., Appellant-Respondent, *v.* ELEVEN FRANKLIN PLACE, INC., et al., Respondents, L. GALE HUNTER et al., Respondents-Appellants, et al., Defendants.

Second Department, July 3, 1944.

198

*John F. Finn, Jr.,* for plaintiff.

*William E. Vogel, Joseph T. King* and *Ernest F. Leathem* for defendant L. Gale Hunter.

*Henry Albert* for defendant Percy J. Barker.

*Alexander S. Andrews* for defendant De Novellis and another, as executrices, etc.

*Per Curiam.* In an action to recover damages for conspiracy and for wrongful interference with contract rights, in which plaintiff contends the defendants deprived it of a commission on the sale of the stock of defendant corporation, two defendants, Hunter and Barker, appeal from a judgment against them for the amount of the commission; and plaintiff appeals from said judgment insofar as it (1) awards costs against plaintiff in favor of two defendants who were successful on the trial, (2) fails to award plaintiff interest on its recovery, (3) fails to award plaintiff an additional allowance in the trial of a difficult and extraordinary case, and (4) insofar as said judgment was amended by the elimination therefrom of any reference to a recovery against the corporate defendant, which was not served with the second amended and supplemental complaint and was not mentioned in the verdict. Plaintiff appeals also from the orders on which the parts of the judgment from which it appeals were based.

As to defendants Ruth De Novellis and Constance Roberts, executrices of the will of Charles H. Roberts, deceased, the judgment insofar as appealed from, should be affirmed, with costs payable by plaintiff.

As to defendant L. Gale Hunter, the judgment should be reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs payable by plaintiff. The findings of fact implicit in the verdict of the jury as to this defendant should be reversed as against the weight of the evidence.

As to defendant Percy J. Barker, the judgment insofar as appealed from, should be reversed on the facts and a new trial granted, with costs to abide the event. As to him the verdict is against the weight of the evidence.

The orders should be affirmed, without costs.

Two men named Barker were named as defendants, but only one of them, Percy J. Barker, was served. On the trial plaintiff withdrew its third cause of action against defendant Percy J. Barker for breach of contract, which left two causes of action, one in conspiracy and the other for wrongful interference with contract rights, against the defendants who were served. The gravamen of the action as it was submitted to the jury was that defendant Hunter and the original defendant Roberts (succeeded before trial by his executrices) sold the stock of the defendant corporation to one Zini after the plaintiff had made an agreement with the Barkers to the effect that if they

bought certain real property of the defendant corporation, or bought the stock of that corporation, under an option of purchase contained in a lease negotiated by plaintiff as broker, the Barkers would pay plaintiff a commission on such purchase. The jury returned a verdict in favor of the executrices of Roberts and against defendants Hunter and Barker. The sale of the stock by Hunter and Roberts to Zini, who was named as a defendant but was not served, was made two months after defendant Barker had abandoned and canceled the option to purchase the real property or the stock of the defendant corporation, and plaintiff failed to show that defendant Hunter, in selling the stock, did anything that he did not have a clear legal right to do, or that he participated in a conspiracy to deprive plaintiff of a commission to which it was entitled, or interfered wrongfully with any contract rights which it had. The failure of the jury to mention the defendant corporation in its verdict made the verdict, in law, one in favor of the corporation. (*Thibodeau* v. *Gerosa Haulage & Warehouse Corp.*, 252 App. Div. 615, affd. 278 N. Y. 551.) Since the verdict exonerated the corporation, it necessarily exonerated Hunter, through whom the corporation acted. (*Wolf* v. *Kenyon*, 242 App. Div. 116, and cases cited.)

CLOSE, P. J., CARSWELL, ADEL, LEWIS and ALDRICH, JJ., concur.

As to defendants Ruth De Novellis and Constance Roberts, as executrices, etc., the judgment insofar as appealed from, is unanimously affirmed, with costs payable by plaintiff.

As to defendant L. Gale Hunter, the judgment is reversed on the law and the facts, with costs, and the complaint is dismissed on the law with costs payable by plaintiff. The findings of fact implicit in the verdict of the jury as to this defendant are reversed as against the weight of the evidence.

As to defendant Percy J. Barker, the judgment insofar as appealed from, is reversed on the facts and a new trial granted, with costs to abide the event, on the ground the verdict is against the weight of the evidence.

The orders are affirmed, without costs.