ALMA M. GALLAGHER, an Infant, by ALMA GALLAGHER, Her Guardian ad Litem, et al., Respondents, v. CITIZENS WATER WORKS OF THE TOWN OF HIGHLANDS, Appellant.— In an action by the infant plaintiff to recover damages for personal injuries, and by the parent for medical expenses and loss of services, defendant appeals from an order denying its motions for a dismissal of the complaint or for a directed verdict, renewed under section 457-a of the Civil Practice Act after the jury had disagreed, upon which motions the court had reserved decision. Order reversed on the law, with costs, the motions granted and the complaint dismissed on the law, with costs. The infant plaintiff was injured as the result of a fire or explosion in defendant's chlorination plant. Affording her the benefit of every fact that a jury could find from the evidence and every reasonable inference that might be drawn therefrom, we are unable to find any proof in the record of defendant's negligence requiring submission of that question to the jury. (Cf. *Sadowski* v. *Long Island R. R. Co.*, 292 N. Y. 448, 454–455; *McLean* v. *Triboro Coach Corp.*, 275 App. Div. 844.) The accident apparently was caused when propane gas, used to heat the building and which in some manner had escaped from the heating plant or from the tanks in which it was contained outside the building, was ignited by a spark from an electric switch which was pulled by defendant's employee to disconnect the electricity and gas from the heating apparatus, after he had found that it was not functioning properly. At most, the infant plaintiff was a licensee upon the premises; and whether the duty owing to her was to abstain from inflicting intentional, wanton or willful injuries (*Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154, 158–159) or to refrain from an affirmative act of negligence (*Barrett* v. *Brooklyn Heights R. R. Co.*, 188 App. Div. 109, affd. 231 N. Y. 605), plaintiffs failed to establish actionable negligence on the part of defendant. They seek to predicate liability upon the claim that defendant's employee was guilty of an affirmative act of negligence in pulling the switch. However, there was no proof that the switch had emitted sparks in the past, when it had been pulled under similar circumstances, or that any accident had occurred on such prior occasions, or that defendant or its employee knew or should have known that the switch would spark. Upon this record, there is no proof that defendant's employee did not act in a reasonable, careful and prudent manner when he pulled the switch so that he could work on the heating plant; and the happening of the accident was not within the range of reasonable anticipation. (Cf. *Nilsen* v. *Long Island R. R. Co.*, 268 App. Div. 782, affd. 295 N. Y. 721.) The question

as to the sufficiency of the proof of negligence, presented by defendant's motions to dismiss the complaint and for a directed verdict, made at the close of the case, survived the court's charge; and, under the circumstances, the portions of the charge to which no exceptions were taken by defendant may not be considered as establishing the law of the case. (Cf. *George Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108, 123; Civ. Prac. Act, § 457-a.) Nolan, P. J., Johnston and Wenzel, JJ., concur; Sneed, J., with whom Carswell, J., concurs, dissents, with the following memorandum: I dissent and vote to affirm. Defendant owed to plaintiff, a licensee upon its premises, the duty of refraining from any affirmative act of negligence that might cause her injury. (*Barrett* v. *Brooklyn Heights R. R. Co.*, 188 App. Div. 109, 111-112, and cases there cited, affd. 231 N. Y. 605.) The record established by direct proof and by reasonable inference therefrom the following facts: That defendant's building and installations were so constructed and maintained that an odorless, colorless and explosive gas, heavier than air, could and did flow into the confined basement and there accumulate when the motor was running and the heater not burning; that the flow of that gas could be stopped from without the building; that the basement could be ventilated by opening the door of the building, and that the electric switch on the motor sparked when operated. The defendant's employee in charge, an experienced operator of the plant and a plumber of years experience, found the motor running, the heater not burning, the building cold, its chlorination machinery and pipes encrusted with frost which he knew had taken hours to accumulate. Without shutting off the flow of gas from without the building and without ventilating the room that employee, knowing the plaintiff was within the building, pulled the electric switch and thereby caused the explosion which demolished the building. Whether under the then existing circumstances the operation of the electric switch was negligence, was the proximate cause of the accident, and the accident was within the " reasonable range of anticipation " are jury questions which should not be determined as matters of law. (*Betzag* v. *Gulf Oil Corp.*, 298 N. Y. 358, 364-365; *Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1, 7.)