Harold Tessler, J.
This is an action for personal injuries sustained by the infant plaintiff as a result of the alleged negligence of the defendant owner of a delivery truck operated by the employee driver of the corporate defendant.
The facts are briefly as follows: On July 3, 1952, the infant plaintiff, four years old at the time, along with two other boys was playing on or hitching onto the rear of the defendant’s delivery truck. Plaintiff claims he was playing on the truck with the driver’s permission, and that when the truck started up and drove off, he was too frightened to jump off, hung on to a step and handle at the back of the truck until it stopped short a half block away, when he fell off and suffered the injuries complained of. The infant plaintiff and his infant playmate, who testified on his behalf, testified that the driver gave them permission to play “ Cowboys and Indians ” on the back of the truck while he was making a delivery; that the companion jumped off when he saw the driver come out of the building and get into the truck; that plaintiff did not see the driver return and stayed on while the truck drove off.
The driver testified that he saw this plaintiff on the truck several times while he was returning from deliveries on the block; that he chased him each time and the last time “ swatted ” him across the “ seat of his pants ” to emphasize the warning; *909 that before starting up the last time he looked at the rear of the truck before getting into the driver’s seat and driving off.
There is no question of contributory negligence before this court since the court deems the infant plaintiff, who was four years old at the time of this accident, to be non sui juris and consequently incapable of being charged with contributory negligence as a matter of law. The defendant moved to dismiss at the conclusion of the plaintiff’s ease, and the trial was suspended at this point with the question of assessment of damages to be held in abeyance pending the court’s determination of this motion.
Defendant’s motion to dismiss is granted. The court cannot accept the fallible recollection and testimony of the youngsters of such tender age as against the concise, clear and unequivocal testimony of the mature and experienced operator of defendant’s truck.
From the credible testimony before me, I am constrained to conclude that the infant plaintiff had no express or implied permission to be on the truck and was a trespasser thereon. The record contains no proof to warrant charging the defendant with the violation of the only duty it owed this plaintiff as such trespasser, that of refraining from wanton or reckless conduct. The defendant can only be held accountable for the injuries sustained by the plaintiff if it were proved that the defendant was guilty of wanton conduct or recklessness in its treatment of the plaintiff. No such proof has been offered.
The instant case is remarkably similar in its facts to the Second Department case of Thibodeau v. Gerosa Haulage & Warehouse Corp. (252 App. Div. 615, affd. 278 N. Y. 551) and it is this court’s opinion that the principle enunciated in that case must be followed here. (See, also, Barrett v. Brooklyn Hgts. R. R. Co., 188 App. Div. 109, affd. 231 N. Y. 605.)
In addition to the foregoing there was no convincing proof — in fact the record is almost barren of any such proof — that any act of the defendant’s driver was responsible for plaintiff’s falling off the truck and consequent injuries. There is a complete lack of proof by the plaintiff to show any causal relationship between the alleged short stop by the driver — which is denied by the latter — and the casualty to the infant plaintiff.
For all of the foregoing the defendant’s motion is granted and the complaint is dismissed.
Enter judgment accordingly.